**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 07-4652**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

LUCANO VILLA-MORALES, a/k/a Jose Cruz, a/k/a Samuel Sabastian-Rodriguez, a/k/a Efego Peres-Montufar, a/k/a Omar Cruz Balbuena,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. William L. Osteen, Senior District Judge. (1:06-cr-00386-WLO)

---

Submitted: April 30, 2008        Decided: July 9, 2008

---

Before MOTZ and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Wayne Buchanan Eads, Raleigh, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Angela H. Miller, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lucano Villa-Morales was convicted by a jury of possession of a firearm by an illegal alien, in violation of 18 U.S.C. § 922(g)(5) (2000). Villa-Morales was sentenced to twenty-seven months' imprisonment. Finding no error, we affirm.

On appeal, Villa-Morales initially contends that the district court erred in sentencing him based on facts that were neither admitted nor found by a jury beyond a reasonable doubt. However, after United States v. Booker, 543 U.S. 220 (2005), sentencing courts are still required to calculate the applicable advisory guideline range based on appropriate findings of fact. United States v. Moreland, 437 F.3d 424, 432 (4th Cir. 2006). We have previously noted that sentencing factors should continue to be evaluated based on the preponderance of the evidence. United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005). Thus, we conclude the district court properly determined Villa-Morales's advisory guideline range based on facts found by a preponderance of the evidence.

Villa-Morales also contends that his sentence is unreasonable. When determining a sentence, the district court must calculate the appropriate advisory guideline range and consider it in conjunction with the factors set forth in 18 U.S.C. § 3553(a) (2000). United States v. Davenport, 445 F.3d 366, 370 (4th Cir. 2006). Appellate review of a district court's imposition of a

sentence is for abuse of discretion.  <u>Gall v. United States</u>, 128 S. Ct. 586, 597 (2007); <u>see also</u> <u>United States v. Pauley</u>, 511 F.3d 468, 473 (4th Cir. 2007).  Sentences within the applicable Guidelines range may be presumed reasonable.  <u>Pauley</u>, 511 F.3d at 473.

The district court followed the necessary procedural steps in sentencing Villa-Morales, appropriately treating the Sentencing Guidelines as advisory, properly calculating and considering the applicable Guidelines range, and weighing the relevant § 3553(a) factors.  Furthermore, Villa-Morales's 27-month sentence, which is the lowest end of the Guidelines range and below the statutory maximum, may be presumed reasonable.  Thus, we conclude Villa-Morales has failed to establish that the district court abused its discretion in imposing the chosen sentence.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>